USDC SCAN INDEX SHEET

















```
MNA    7/2/03    8:08
3:03-CV-01292    GORMAN V. VESSEL PACIFIC
*1*
*CMP.*
```

J. PETER OLSON (SBN: 67032)
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for: Plaintiff
MARGARET GORMAN

FILED

03 JUL -1 AM 9:59

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: /s/ _____  DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET GORMAN,<br><br>Plaintiff,<br><br>vs.<br><br>VESSEL PACIFIC FUTURE, Official Number 612155, her engines, tackle, furniture, apparel, In Rem, F/V PACIFIC FUTURE, INC. and MICHAEL PETERS, In Personam<br><br>Defendants. | IN ADMIRALTY<br><br>CASE NO. 03CV 1292H JAH<br><br>COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED SHIP MORTGAGE AND FOR DEFICIENCY |

The Complaint of MARGARET GORMAN (hereinafter "Plaintiff") against the Vessel PACIFIC FUTURE, Official No. 612155, her engines, rigging, tackle, apparel, furniture, nets, fishing gear and all other necessaries thereto appertaining and belonging (hereinafter "Vessel"), and against F/V PACIFIC FUTURE, INC. and MICHAEL PETERS (hereinafter collectively "Defendants") in a cause civil and maritime, for foreclosure of a Preferred Ship Mortgage and for deficiency in rem and in personam, respectfully alleges:

### A. JURISDICTION AND VENUE

1. Jurisdiction lies under 28 U.S.C. Section 1333 as this is a civil case of admiralty and maritime jurisdiction and is an admiralty and maritime claim within the meaning of Rule

ORIGINAL

-1-

1  9(h) of the Federal Rules of Civil Procedure. Jurisdiction also lies under 28 U.S.C. Section 1331 as this is a claim arising under the laws of the United States. Jurisdiction further lies pursuant to 28 U.S.C. Section 1337 as this is a case arising under an Act of Congress regulating commerce, specifically the Ship Mortgage Act of 1920, 46 U.S.C. Section 921, et seq., as amended. Pendent or ancillary jurisdiction also lies on any non-federal claims as they arise out of the same transaction or occurrence or series of transactions or occurrences of the above claims.

2. Venue lies within the Southern District of California pursuant to the provisions of 28 U.S.C. Section 1391(b) and Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims.

### B. THE PARTIES

3. Plaintiff is an individual residing in the City of Brandon, State of Oregon.

4. Plaintiff is informed and thereon alleges that Defendant F/V PACIFIC FUTURE, INC. (hereinafter "Corporation") is an Oregon corporation, organized and existing under the laws of the State of Oregon. Plaintiff is further informed and believes that Defendant MICHAEL PETERS is an individual whose permanent residence is presently unknown but who presently residing within the County of San Diego, State of California.

5. Plaintiff is informed and believes and based thereon alleges at all material times Defendant Corporation was so organized and controlled, and its affairs so conducted, as to make it merely an instrumentality, agency, conduit, or adjunct of Defendant MICHAEL PETERS. Plaintiff is informed and believes that Defendant MICHAEL PETERS is, and at all times herein mentioned was, the owner of all or substantially all of the shares of common stock of Defendant Corporation, and that there now exists, and at all times herein mentioned existed, unity of interest and ownership between said defendants, such that individuality and separateness of said Defendants has ceased, and that Defendant MICHAEL PETERS is the alter ego of Defendant Corporation for among other reasons the following:

   a. Defendant Corporation is, and at all times herein mentioned was, a mere shell and sham without capital and assets;

-2-
Margaret Gorman v. F/V Pacific Future, et al.; Case No. _____; COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED SHIP MORTGAGE AND FOR DEFICIENCY

  b. Defendant Corporation was conceived, intended, and used by Defendant MICHAEL PETERS as a device to avoid individual liability and for the purpose of substituting a financially insolvent corporation in the place of Defendant MICHAEL PETER in the transactions hereafter referred to:

  c. Defendant MICHAEL PETERS has used the assets of Defendant Corporation for his personal use, caused assets of the corporation to be transferred to himself without adequate consideration and has otherwise withdrawn funds from the corporate bank account for his personal use;

  d. Adherence to the fiction of separate existence between Defendant Corporation and Defendant MICHAEL PETERS would sanction fraud and promote injustice as hereinafter alleged.

## C. THE CLAIM

### FIRST CAUSE OF ACTION

6. On or about June 19, 2002, Defendants delivered to Plaintiff, for valuable consideration a promissory note dated June 19, 2002, in the principal amount of $490,000.00 plus interest, at the legal rate per annum (hereinafter "Loan"). The Loan was to be refinanced and paid in full to Plaintiff by Defendants after one year (i.e. on or before June 19, 2003). Further pursuant to the Loan, Defendants were to have obtained life insurance on the life of Defendant MICHAEL PETERS in the amount of $500,000.00, with Plaintiff named as Beneficiary.

7. On or about February 14, 2003, in order to secure payment of the Loan described in Paragraph 6 above, Defendant Corporation in accordance with and pursuant to the Ship Mortgage Act of 1920, as amended, executed and delivered to Plaintiff a Preferred Ship Mortgage covering the whole of the Vessel (hereinafter "Mortgage"). Copies of the Loan and Mortgage are attached hereto as Exhibit A and B respectively, and incorporated by reference herein.

8. At the time the Mortgage was executed and delivered to Plaintiff the Vessel was duly enrolled under the laws of the United States with its home port at Newport, Oregon. The

-3-

1  Vessel's present location is Fish Harbor North, Berth 1 by Seaport Village, City of San Diego,
2  State of California.
3       9.   The Mortgage was duly filed with the National Vessel Documentation Center,
4  USCG on March 3, 2003, at 7:05 AM, Recording Book 03-42, Page 441, and the record of such
5  Center Documentation Officer shows the name of the respondent vessel, the name of the
6  respective parties to the Mortgage, the interest of the respondent vessel mortgaged, the amount
7  and date of maturity of the note and mortgage described above. Plaintiff is informed and
8  believes and thereon alleges that the Mortgage was duly endorsed on the documents of the
9  respondent vessel in accordance with the Ship Mortgage Act of 1920, as amended, and affidavits
10 were filed with the record of the Mortgage, to the effect that the Mortgage was made in good
11 faith and without any design to hinder, delay or defraud any existing or future creditor of the
12 mortgagor or any lienor of the mortgaged vessel. All other requirements of the Ship Mortgage
13 Act of 1920, as amended, were met, or caused to be met, either by the Plaintiff, mortgagors or
14 the Coast Guard Documentation Officer n order to the mortgage preferred status.
15      10.  The National Vessel Documentation Center, USCG, upon recording the Mortgage
16 caused to be endorsed on the documents of the Vessel the name of the mortgagor and mortgagee,
17 the amount and maturity date of the Mortgage and time and date of the endorsement. The
18 Documentation Officer delivered two certified copies of the Mortgage to the mortgagor who
19 placed and used due diligence to retain one copy on Defendant Vessel.
20      11.  The Loan was all due and payable by Defendants to Plaintiff on or about June 19,
21 2003. Plaintiff has requested that the Defendants pay the principal and interest due under the
22 Loan, which request is hereby reiterated. Defendants have refused and neglected to pay the
23 indebtedness secured by the Mortgage in accordance with the terms thereof. Defendants have
24 defaulted in failing to pay principal and interest when due. Defendants have further breached
25 their obligations to Plaintiff under the Loan and Mortgage in other respects, including but not
26 limited to failing to obtain and maintain life insurance on the life of Defendant MICHAEL
27 PETERS in the amount of $500,000.00 with Plaintiff as sole and named beneficiary, as will be
28 shown at trial. As a result there is due and unpaid on the Loan the principal sum of $490,000.00

as of June 19, 2003, plus interest to be proved at time of trial together with additional costs, expenses, and interest incurred by Plaintiff herein. In accordance with the terms of the Loan and the Mortgage, Plaintiff has indebtedness evidenced by the Loan to be immediately due and payable. Formal demand for payment, thereon, has been duly made and is here by reiterated. However, neither the whole nor any part of the outstanding indebtedness has been paid despite demand.

12. Plaintiff has incurred, and will incur, expenses and may make advances and sustain damages from or by reason of the defaults of the mortgagors, all in amounts not presently known to Plaintiff, who will amend this Complaint when the same have been determined.

13. As a result of Defendants' default, Plaintiff is entitled to enforce its Mortgage by judicial foreclosure of the Vessel through public sale thereof by the proper judicial officer.

14. Plaintiff is informed and believes and thereon alleges that its interest in the Vessel, by way of its maritime lien, is prior to and superior to any other alleged lien claim.

## SECOND CAUSE OF ACTION

15. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 14 of this Complaint.

16. As a result of the foregoing, Defendants are liable to Plaintiff herein for all amounts due under the Loan, as of June 19, 2003, principal on the Loan of $490,000.00, plus interest to be proved at time of trial and costs, fees and expenses thereon from June 19, 2003, until judgment, as well as any deficiency resulting to Plaintiff herein from the sale of the Vessel, together with costs in accordance with the terms of the Loan and Mortgage.

WHEREFORE, Plaintiff prays as against Defendants as follows:

1. That process in due form of law according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the PACIFIC FUTURE, her rigging, tackle, apparel, furniture, engines, equipment and all other necessaries thereunder appertaining and belonging, and that all persons claiming any interest in the Vessel be cited to appear and answer on oath, all and singular, the matters aforesaid;

-5-

Margaret Gorman v. F/V Pacific Future, et al.; Case No. _____; COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED SHIP MORTGAGE AND FOR DEFICIENCY

2. That this Honorable Court direct the manner in which the notice of the commencement of this suit shall be given to the master or the ranking officer or caretaker of the PACIFIC FUTURE and to any person, firm or corporation which has recorded notice of claim of any undischarged lien upon the Vessel;

3. That the Mortgage of February 14, 2003, and recorded March 3, 2003, be declared to be a valid existing lien in the principal sum of $490,000.00 as of June 19, 2003, plus interest from June 19, 2002 as provided by law, and all other amounts required to be disbursed by Plaintiff for the care and preservation of the Vessel, and all other advances, expenses, costs and disbursements of Plaintiff herein, with interest, and that such lien be declared to be prior and superior to the interest liens or claims of any and all other persons, firms or corporations whatsoever.

4. That the PACIFIC FUTURE, her rigging, tackle, apparel, furniture, engines, nets, gear, and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay the demands and claims aforesaid, with interest and costs, and that Plaintiff may become a purchaser at any sale of the mortgaged property;

5. That it be decreed that any and all persons, firms or corporations claiming an interest in the PACIFIC FUTURE be and are forever barred and foreclosed of and from all right or equity of redemption or claim of, in or to the mortgaged vessel and every part thereof;

6. That Plaintiff recover from Defendants the amount of any deficiency that may be due to Plaintiff after applying the proceeds of sale of the mortgaged vessel to the amount decreed herein to the holder of the first mortgage;

7. That Plaintiff recover costs of suit; and

///
///
///
///
///
///

-6-
Margaret Gorman v. F/V Pacific Future, et al.; Case No. _____; COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED SHIP MORTGAGE AND FOR DEFICIENCY

1   8.      That the Plaintiff have such other and further relief as in justice it may be entitled
2  to receive.

3  Dated: June 30, 2003                    GORDON & REES, LLP

                                           By: _____
                                           J. Peter Olson, Esq.
                                           J. Peter Olson, Esq.
                                           Attorneys for Plaintiff
                                           MARGARET GORMAN

-7-

Margaret Gorman v. F/V Pacific Future, et al.; Case No. _____; COMPLAINT IN REM AND
IN PERSONAM FOR FORECLOSURE OF PREFERRED SHIP MORTGAGE AND FOR DEFICIENCY

## VERIFICATION

1. I, MARGARET GORMAN, being duly sworn, deposes and says:

2. I am Plaintiff herein.

3. I have read the within Complaint. The facts stated therein are true and correct to the best of my knowledge and the grounds of my belief is my personal knowledge and the records and reports of the corporation.

4. I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California and the laws of the United States of America.

Executed on June 29, 2003, at Bandon, Oregon, California.

_____
MARGARET GORMAN

STATE OF OREGON    )
                   ) ss.
COUNTY OF Coos     )

On June 29, 2003, before me, Modina Worden, Notary Public, personally appeared MARGARET GORMAN, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
Signature of Notary

(SEAL)

OFFICIAL SEAL
MODINA WORDEN
NOTARY PUBLIC-OREGON
COMMISSION NO. 340833
MY COMMISSION EXPIRES NOV. 30, 2004

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

-8-

6/19/02

Margaret Gorman is loaning the F/V Pacific Future, a $490,000 dollars. Mrs. Gorman was paid $13,800 in fees for doing the loan.

F/V Pacific Future, Inc. will be responsible for all payments, all fees and interest included in the loan. The loan will be refinanced after one year to pay off the loan if necessary.

Margaret Gorman will be first lean holder on the F/V Pacific Future, by Pacific Coast Diesel, until the loan is paid in full.

Life Insurance will be provided by Michael Peters at a value of $500,000 dollars with Margaret Gorman being beneficiary.

Dated: 6/19/02

X [signature]
X Margaret Gorman

---

STATE OF OREGON,
County of COOS } ss.

On June 19, 2002 before me personally appeared MICHAEL PETERS and MARGARET GORMAN whose identity was established to my satisfaction, and who executed the foregoing instrument, acknowledging to me that the same was executed freely and voluntarily.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal on the date first written above.

OFFICIAL SEAL
LORETTA J OLSON
NOTARY PUBLIC - OREGON
COMMISSION NO. 340370
MY COMMISSION EXPIRES JAN. 22, 2005

Notary Public for Oregon
My commission expires 1-22-05

FORM No. 23 - ACKNOWLEDGMENT, INDIVIDUAL.

**EXHIBIT A**

NATIONAL VESSEL DOCUMENTATION CENTER
USCG
03 MAR '03      7:05 AM
REC.

Kim Marine Documentation, Inc.
180 Nickerson St., Suite 212
Seattle, WA 98109
(206) 682-7013

## PREFERRED MORTGAGE OF VESSEL

MORTGAGOR: F/V PACIFIC FUTURE, INC.
597 Bandon Avenue, Bandon, Oregon 97411

MORTGAGEE: MARGARET GORMAN
6100 Aumsville Highway SE, Salem, Oregon 97301

VESSEL: PACIFIC FUTURE, O/N 612155

TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETINGS:

Know ye, That F/V PACIFIC FUTURE, INC. (and all heirs, executors, administrators, successors and assigns, hereinafter referred to as "MORTGAGOR"), sole owner of the vessel called the PACIFIC FUTURE, O/N 612155 (hereinafter referred to as "VESSEL"), being justly indebted to MARGARET GORMAN, 100% (and all heirs, executors, administrators, successors and assigns, hereinafter referred to as "MORTGAGEE") in the sum of FOUR HUNDRED NINETY THOUSAND AND NO/100THS [$490,000.00] U. S. DOLLARS, upon a certain promissory note, a copy of which is attached to this instrument, has, for the purposes of securing the payment of the said debt, and the interest thereon, granted, bargained, sold and mortgaged and by these presents does grant, bargain, sell and mortgage unto the said Mortgagee, the whole of the said Vessel, together with all of the mast, bowsprit, boat, anchors, cables, chains, rigging, tackle, apparel, furniture, freights, fishing rights of whatsoever nature now held, or which may in the future be held or inured, including, but not limited to, moratorium, License Limitation Program (LLP) and other participatory catch rights, if any, and all other necessaries thereunto appertaining and belonging.

To have and to hold the said Vessel and all the other beforementioned appurtenances unto said Mortgagee, to the sole and only proper use, benefit, and behoof of said Mortgagee, forever;

Provided always, and the condition of these presents is such, that if the Mortgagor shall pay or cause to be paid to the said Mortgagee, the debt aforesaid, with the interest thereon, at the time or times and in a manner following, to wit in accordance with

EXHIBIT B

the terms and conditions of a certain promissory note, a copy of which is attached to this instrument, then these presents shall be void and of no effect, subject, however, to the provisions hereinafter contained; and the said Mortgagor hereby agrees to pay the debt, and interest thereon, and to fulfill and perform each and every one of the covenants and conditions herein contained.

But if default be made in such payments, or in any one of such payments, or if default be made in the prompt and faithful performance of any of the covenants herein contained, or if the said Mortgagee shall at any time deem itself in danger of losing said debt, or any part thereof, by delaying the collection thereof until the expiration of the time above limited for the payment thereof, or if Mortgagor shall sell or attempt to sell said property, or any part thereof, or if the same shall be levied upon or taken by virtue of any attachment or execution against said Mortgagor, or if said Mortgagor shall suffer and permit said Vessel to be run into debt beyond an amount necessary to maintain the Vessel in a seaworthy condition, or if the Mortgagor shall negligently or willfully permit said property to waste, or be damaged or destroyed, Mortgagee is hereby authorized to take possession of said Vessel, goods, chattels, and personal property at any time, wherever found, either before or after the expiration of the time aforesaid, and to sell and convey the same, or so much thereof as may be necessary to satisfy the said debt, interest, and reasonable expenses, after first giving notice of a legal number of days, to be given by publication in some newspaper published in the city where mortgagor resides or conducts business, and to retain the same out of the proceeds of such sale; the surplus (if any) to belong and to be returned to the said Mortgagor.

And it is agreed that on such sale, the Mortgagee may become the purchaser.

If default be made in such payments, Mortgagee is hereby irrevocably appointed Attorney-in-Fact of Mortgagor, coupled with an interest and with full powers of substitution, to execute and deliver to any purchaser of the Vessel, and is hereby vested with full power and authority to make, in the name and on behalf of Mortgagor, a good conveyance of the title to the vessel and/or its component parts sold. In the event of the sale of the Vessel and/or component parts under any power of sale herein contained, Mortgagor will, if and when required by Mortgagee, execute such form of conveyance of the Vessel and its component parts as Mortgagee may direct or approve.

And the said Mortgagor does further covenant and agree, to and with the Mortgagee that Mortgagor will immediately procure said Vessel to be insured against loss or damage by fire, and against all marine risks and disasters, in some good and responsible insurance

Received   Jun-19-2003   02:25pm   From-                    To-Gordon & Rees, LLP      Page  003

company or companies, to be selected and approved by the said Mortgagee, for an amount at least equal to the amount which shall from time to time remain unpaid upon the said indebtedness and interest thereon, and that Mortgagor will keep such policy or policies renewed from time to time, and keep the same valid at all times for the amount aforesaid, and that Mortgagor will do, suffer, or permit to be done, no act whereby said insurance would be liable to be vitiated or forfeited, and that Mortgagor will immediately assign and deliver to Mortgagee said policy or policies of insurance, having first duly obtained the proper consent of the insurance company or companies to such assignment, and that the Mortgagor will also promptly deliver to said Mortgagee the renewal certificates of said policies as collateral security for the payment of said indebtedness. And if said Mortgagor shall fail to immediately procure, assign and deliver such policy or policies as aforesaid, or shall at any time fail to immediately renew the same and deliver the renewal certificates as aforesaid, the said Mortgagee is hereby authorized to procure said Vessel to be insured as aforesaid, and to keep the policy or policies renewed, and that amount which Mortgagee has to pay therefore shall be considered, and is hereby declared to be, an additional indebtedness hereby intended to be secured, and shall be repaid to said Mortgagee on demand, and shall bear interest at the same rate reflected on the promissory note, from the time of such payment, until repaid.

And it is hereby provided, that it shall be lawful for Mortgagor to retain possession of the property hereby mortgaged, and at Mortgagor's own expense to use and enjoy the same until said indebtedness shall become due, unless said Mortgagee should at any earlier date declare this mortgage forfeited for nonperformance of any of the covenants herein contained, or by virtue of any authority hereby conferred on Mortgagee.

In pursuance of the provisions of 46 USC 31324, the Mortgagor will place, and use diligence to retain one copy of this Preferred Mortgage on board the mortgaged vessel. The Mortgagor will cause such copy and the document of the vessel to be exhibited by the Master to any person having business with the vessel, which may give rise to a maritime lien upon the vessel or to the sale, conveyance or mortgage thereof.

In testimony whereof, the Mortgagor has executed this instrument the date mentioned below.

Dated: ~~January~~ February 14, 2003.

F/V PACIFIC FUTURE, INC.

By /s/ Michael Peters
Michael Peters – President

3

STATE OF OREGON ]
                 ] ss. Dated: ~~January~~ February 14, 2003.
COUNTY OF Coos  ]

I certify that I know or have satisfactory evidence that Michael Peters signed this instrument, on oath stated that he was authorized to execute the instrument and acknowledged it as the President of F/V PACIFIC FUTURE, INC. to be the free and voluntary act and deed of such party for the uses and purposes mentioned in the instrument.



NOTARY PUBLIC in and for OREGON
residing at Bandon
My commission expires: August 23 2005
Print Name: Jacqueline A. Lawrence

**WARNING:** Unless Mortgagor provides Mortgagee with evidence of the insurance coverage as required by this Mortgage, Mortgagee may purchase insurance at Mortgagor's expense to protect Mortgagee's interest. This insurance may, but need not, also protect Mortgagor's interest. If the collateral becomes damaged, the coverage Mortgagee purchases may not pay any claim Mortgagor makes or any claim made against Mortgagor. Mortgagor may later cancel this coverage by providing evidence that Mortgagor has obtained property coverage elsewhere. Mortgagor is responsible for the cost of any insurance purchased by Mortgagee when Mortgagor has failed to provide Mortgagee with evidence of insurance coverage as required by this Mortgage. The cost of this insurance may be added to the Debt. If the cost is added to the Debt, the highest interest rate on the Debt, plus 4 percent per annum, will apply to this added amount. The effective date of coverage may be the date Mortgagor's prior coverage lapsed or the date Mortgagor failed to provide proof of coverage.

4

PRIOR AND SUBSEQUENT LIENS AFFIDAVIT

STATE OF OREGON ]
                 ] ss. Dated: ~~January~~ February 14, 2003.
COUNTY OF Coos ]

I/WE, the undersigned, in pursuance of the provisions of 46 USC 31323, do hereby certify that at the time of executing a certain Preferred Mortgage on the PACIFIC FUTURE, O/N 612155 in favor of MARGARET GORMAN that there is no maritime lien, prior mortgage or other obligation of liability upon said vessel known to the undersigned Mortgagor except:

NONE

It is further certified that without the consent of the Mortgagee under this mortgage, there will not be incurred after the execution of this mortgage, and before the mortgagee has had a reasonable time in which to record same, any contractual obligation creating a lien upon the vessel other than lien for wages for stevedores employed directly by the owner-master, or agent of the vessel, wages of the crew of the vessel, general average salvage, including contract salvage, in respect to said vessel.

F/V PACIFIC FUTURE, INC.

By _____
   Michael Peters - President

SUBSCRIBED AND SWORN to before me this 14th day of ~~January~~ February, 2003.

OFFICIAL SEAL
JACQUELINE A LAWRENCE
NOTARY PUBLIC - OREGON
COMMISSION NO. 349204
MY COMMISSION EXPIRES AUG. 23, 2005

NOTARY PUBLIC in and for OREGON
residing at Bandon
My commission expires: August 23, 2005
Print Name: Jacqueline A. Lawrence

5

**JS 44**
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

### I. (a) PLAINTIFFS
Margaret Gorman

### DEFENDANTS
Vessel Pacific Future, Official No. 612155, her engines, tackle, furniture, apparel, In Rem, F/V Pacific Future, Inc. and Michael Peters, In Personam

FILED
03 JUL -1 AM 9:59
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** OREGON
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Gordon & Rees, LLP
101 West Broadway, Ste. 1600
San Diego, CA 92101
619-696-6700

**ATTORNEYS (IF KNOWN)**

'03 CV 1292H JAH

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §1333 and Rule 9(h)

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury – Medical Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury – Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (13958) | [ ] 875 Customer Challenge 12 USC 3410 |
| [XX] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS – Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

### VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ 490,000.00 plus interest & costs
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ Docket Number _____

DATE: June 30, 2003
SIGNATURE OF ATTORNEY OF RECORD: /s/ _____

\\ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CB $150 07/01/03 #5263